## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MIKE REDFORD | : | PRISONER CIVIL RIGHTS |
|   Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| UNNAMED, | : | CIVIL ACTION NO. |
|   Defendant. | : | 1:14-CV-2724-WSD-JFK |

### UNITED STATES MAGISTRATE JUDGE'S
### FINAL REPORT AND RECOMMENDATION

Plaintiff, Mike Redford, Georgia Department of Corrections identification number 1207476, currently confined in the Douglas County Jail in Douglasville, Georgia, has submitted a *pro se* letter/complaint. (Doc. 1). Plaintiff contends (1) that he filed complaints with certain state judges seeking an investigation into what appeared to be the abuse of his children and has not heard back from those judges and (2) that certain state judges have contacted various educational facilities and asked them to stop Plaintiff from graduating and/or obtaining a degree and have filed complaints against Plaintiff that have deterred him from admittance to the Bar. Plaintiff also states that he is subject to a one-sided divorce decree, which state judges are construing against him. (Id.). Plaintiff asks the Court to investigate. (Id. at 3).

Section § 1915(g) of Title 28 does not allow a prisoner to bring an *in forma pauperis* civil action in federal court "if the prisoner has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  When § 1915(g) does not allow a prisoner to proceed *in forma pauperis*, the complaint should be dismissed without prejudice, and, a prisoner wishing to pursue his or her claims, must refile the action with full payment of the filing fee.  See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff, while incarcerated, has filed at least three civil actions that have been dismissed as frivolous, malicious, or for failure to state a claim.  See Final Report and Recommendation, Redford v. James, No. 1:14-cv-2043-WSD (N.D. Ga. filed June 27, 2014) (listing cases).  Plaintiff names no defendant whose actions are placing him in imminent threat of serious injury.  To the extent that Plaintiff intended to initiate an action, his case is due to be dismissed.

**IT IS RECOMMENDED** that Plaintiff be **DENIED** *in forma pauperis* status and that this action be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED** this 2nd day of September, 2014.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE