# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MIKE REDFORD,

                Plaintiff,

    v.                                          1:14-cv-2724-WSD

UNNAMED,

                Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [2] ("R&R") and Plaintiff's *pro se* Objections [4].

## I.     BACKGROUND

On August 11, 2014, Plaintiff Mike Redford ("Plaintiff"), who is incarcerated in the Douglas County Jail in Douglasville, Georgia, filed a Complaint [1] in the form of a letter to Magistrate Judge King.[1] In his Complaint, Plaintiff asks the Court to "enquire further into [an] ongoing nightmare." (Compl. at 1). Although largely incomprehensible, Plaintiff asserts that he filed two complaints with "Chief Judge of Gwinnett County [sic] Superior Judge Dawson Jackson [sic] and Chief Magistrate Judge Davis" seeking an investigation into what

---

[1]     It appears that Plaintiff seeks to proceed *in forma pauperis* ("IFP") because he checked the "IFP" box on his Civil Cover Sheet. Plaintiff did not submit an IFP affidavit or pay the required filing fee.

appears to be the abuse of his children, and has not yet received a response from those judges.[2] (Id.). Plaintiff also asserts that "the judges from Georgia" have allegedly contacted various educational facilities to prevent Plaintiff from "graduating from the doctoral program," "from getting admitted to the Bar," and "from getting his PhD [sic] on information security." (Id. at 1-2). Plaintiff further asserts that he is subject to a one-sided divorce decree that state judges are allegedly construing against him. (Id.). Plaintiff appears to ask the Court to investigate the alleged misconduct of the state judges.

On September 2, 2014, the Magistrate Judge recommended that the Court deny Plaintiff IFP status and dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(g) because Plaintiff, while incarcerated, previously filed at least three civil actions that have been dismissed as frivolous, malicious, or for failure to state a claim.

On September 15, 2014, Plaintiff filed objections to the R&R.

---

[2] Plaintiff asserts that his "children told [him] that their mother [gave] them away to some white people" who allegedly "locked them up in a dark room and [touched] their tails." (Id. at 1). Plaintiff does not know the identity of those committing the alleged abuse.

## II. DISCUSSION

### A. Legal Standard on Review of an R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Plaintiff's objections do not address the Magistrate Judge's reasons for dismissing Plaintiff's Complaint, and instead assert generic arguments about his right to access to the courts. See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."). As Plaintiff has

not objected to the Magistrate Judge's specific findings and conclusion, the Court reviews the Magistrate Judge's determination for plain error.

B. Analysis

Section 1915(g) of Title 28 prohibits a prisoner from proceeding IFP if the prisoner has

> on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff does not object to the Magistrate Judge's finding that he is subject to the "three strikes" provision because he has filed more than three other cases, while incarcerated that were dismissed as frivolous or for failure to state a claim.[3] The Magistrate Judge also found that Plaintiff does not assert that he is in imminent danger of serious physical injury. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). The Magistrate Judge concluded that Plaintiff's IFP Complaint is barred by Section 1915(g) and recommended that it should be dismissed without prejudice. See 28 U.S.C. § 1915(g); see also Dupree v. Palmer,

---

3  See Redford v. Lewis, 1:04-CV-1636-WBH; Redford v. Hamil, 1:04-CV-933-WBH; and Redford v. Gwinnett County Judicial Circuit, 1:02-CV-2739-WBH.

284 F.3d 1234, 1236 (11th Cir. 2002). The Court finds no plain error in the Magistrate Judge's findings or recommendations.

The Court also notes that, even if Plaintiff's case was not barred by 28 U.S.C. § 1915(g), the Court is unable to grant Plaintiff the relief he seeks—an investigation of the alleged child abuse and judicial misconduct—because "federal courts are not authorized to conduct investigations; they can only adjudicate actual cases and controversies that are properly brought before them." Vasquez v. Parker, No. 11-3243-PAM/FLN, 2011 WL 6003978, *3 (D. Minn. Nov. 18, 2011). Plaintiff's Complaint fails to state a plausible claim for relief and is required to be dismissed for this additional reason. See 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (A court must dismiss a complaint filed IFP if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted); see also Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327) (a claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'").

## III. CONCLUSION

For the foregoing reasons,

5

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [2] is **ADOPTED.** The Court **DENIES** permission for Plaintiff to proceed *in forma pauperis*.

**IT IS FUTHER ORDERED** that Plaintiff's objections [4] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 6th day of October, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE